Curia, per O’Neall, J.
To charge a party on an agreement for the sale of lands, it is, under the statute of frauds, not only necessary he should sign it, Sug. on Vem 60, but it is also necessary the writings so signed, should set out the terms of the agreement, so as to give to both parties a perfect remedy. Whether this agreement has this last requisite is matter of great doubt, for there is not a word said about the title, or how the existing incumbrance shall be cleared. This last has been attempted to be supplied by oral testimony; that, however, clearly cannot be done. But in the view which I take of the case, it would be unnecessary to consider this matter, although I may hereafter notice it more fully; for the plaintiff, according to well adjudged principles, cannot recover. This is not so much a question of dependent or independent covenants, as it is a question of consideration. What is the consideration of the defendant’s contract ? It is the acquisition of a clear fee simple estate in the cottage portion of Magnolia farm. Like any other case of common law contract, the plaintiii is bound to aver and prove the consideration. Is that done by setting out the contract, the existence of the mortgage, the pendency of the bill to foreclose, the intention that the cash payments should go in satisfaction of the mortgage, and averring that the plaintiff was seized in fee, and ready to give possession, and did offer to give to the defendant possession of the said farm ? If it be, I confess it is beyond my apprehension ; for in Sug. 176, it is said that “to entitle a vendor to sustain an action' for a breach of contract, he must shew what title he has, it not being sufficient to plead that he has been always ready and willing, and frequently offered, to make a title to the estate.” The exception to that rule is the case of Martin vs. Smith, 6 East, 555, where the vendor averred that he was seized in fee, and made a good and satisfactory title to the purchaser, and in which the *364 court held that it was not necessary to state the title on the record. In that case, however, the court laid great stress upon the averment that the title was satisfactory to the defendant.
It is true that there are cases where the execution of a title to the purchaser, by the vendor, would not be a precedent part of the consideration to be shewn. As where a vendor sells and a purchaser buys, upon the condition that the money is to be paid before the title is to be delivered. The possession and the equity of the title after payment, constitute the consideration of the contract, and if this question be at all touched by Johnson vs. Purvis, 1 Hill, 322, it is in this point of view that that case is to be regarded. But really and truly, although Judge Martin, with his accustomed clearness, saw this point in the case, yet, when it came to be investigated in the court of appeals, it was in a great degree overlooked, and the case turned mainly upon the question whether Purvis, as a purchaser in possession, could set up a merely technical objection to his vendor’s legal title, when it was clear he had such an equity as would protect him.
But the case of Breithaupt vs. Thurmond, reported in a note to that case, is exactly this case, with one exception, that there was a year’s possession proved, whereas, in this case, not a single day’s possession has been averred or proved. In that case, the defendant was to pay $200 cash, $300 in negro property, the balance of $1000, to be paid in one, two and three years, bearing interest from the time of possession, with a mortgage. The question was whether, to enable the plaintiff to recover-on that contract, it was not necessary he should have tendered titles. The court held that it was necessary, and that he must aver and prove it. After that case, how this can be doubted does seem to me strange. For to this point, thus adjudged, must be added the further difficulty, that the plaintiff, in point of fact, could not make the title. The mortgage was an incumbrance, which always, until removed, made his title defective ; the decree of foreclosure made it worse, and the final sale under the decree is a divesture of his title by relation to, at least, the date of *365 the decree, if not to that of the mortgage. But it is said, the purchaser was told of the mortgage, and the sale was made to pay it. It would be enough to ask, how does that appear 7 Not by the contract, but by verbal testimony. That cannot have the effect of adding terms to the agreement, such as that the purchase money should be paid by the purchaser in satisfaction of the mortgage, before titles were executed. The authority from Sugden, already cited, shews that cannot be done.
It was the business of the vendor to disencumber his title and make it good and perfect to the purchaser. If this be not his business, then a purchaser would be bound to take an incumbered title, and go into equity to compel the vendor to clear off the incumbrance.
This is so clearly against principle in equity, that I deem it, in a law court, unnecessary to do more than state it. We do not look to the equities at law ; a purchaser, unless he stipulates for less, must have a good title to the land bought, or the plaintiff must have tendered to him a good and sufficient title to it, before he will be compelled to pay for it. This is sheer justice ; it is only demanding the quid pro quo. The motion to set aside the non-suit is dismissed.
Richardson, Evans, Butler, WaRdlaw and Frost, JJ. concurred.